UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CHRISTINE C. VIERRA,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>PAUL COPENHAVER, Warden,<br><br>　　　　　Respondent. | Case No:  C 09-04280 SBA (pr)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

On September 15, 2009, Petitioner filed a habeas petition in this Court, pursuant to 28 U.S.C. § 2241, to challenge the Federal Bureau of Prisons ("BOP") policy governing the pre-release placement of inmates in community confinement.  The Government has filed an opposition to the writ petition and Petitioner has filed a response thereto.  For the reasons discussed below, the Petition is DENIED.

I.     **BACKGROUND**

Petitioner is a federal inmate currently incarcerated at the Federal Correctional Institution at Dublin, California.  She is serving a seventy-two month sentence for violations of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), possession with intent to distribute 50 grams or more of methamphetamine.  (Ans., Butler Decl. ¶ 3.)  In her petition, Petitioner purports to challenge the BOP's policy which governs the pre-release placement of inmates in community confinement, as set forth in 28 C.F.R. § 570.21.  Petitioner contends that this

1 policy is contrary to 18 U.S.C. § 3621(b), which governs the placement of inmates in BOP
2 custody.
3    Petitioner's projected release date is June 12, 2013, and she has not yet been
4 evaluated for pre-release placement. (Pet. at 2.) She seeks an order requiring the BOP to
5 exercise its discretion and place her in a Community Corrections Center ("CCC") for
6 twelve months immediately prior to six months home confinement. She claims to be "in
7 the process of exhausting her administrative remedies through the BOP's administrative
8 appeals process." (Pet. at 3.) The Government contends that Petitioner's claims are not
9 properly before the Court because she has failed to exhaust her administrative remedies.
10 The Court agrees.

## II. DISCUSSION

The Ninth Circuit requires, "as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001), abrogated on other grounds by Fernandez-Vargas v. Gonzales, 548 U.S. 30 (2006). This requirement may be waived in limited circumstances, such as when the pursuit of administrative remedies would be futile. See Laing v. Ashcroft, 370 F.3d 994, 1000-01 (9th Cir. 2004) (listing circumstances when waiver of exhaustion requirement may be appropriate).

The BOP has established procedures by which inmates can seek review of "an issue relating to any aspect" of an inmate's confinement. 28 C.F.R. § 542.10. These procedures apply to all inmates in programs operated by the BOP. Id. The inmate first must attempt informal resolution of the issue with prison staff. 28 C.F.R. § 542.13(a). If the inmate is unable to resolve the issue informally, the inmate must submit a written administrative appeal to the warden. 28 C.F.R. § 542.14(d). An inmate who is not satisfied with the warden's response at the institutional level may then submit an appeal to the Regional Director. 28 C.F.R. § 542.15(a). Finally, an inmate who is not satisfied with the Regional Director's response may submit an appeal to the General Counsel of the BOP. Id.

Petitioner argues that she is in the process of pursuing administrative remedies, but

that pursuing these remedies would be futile because she has been notified by correctional staff at FCI that her appeals will be categorically denied. (Compl. at 3.) For the reasons discussed below, Petitioner's unsupported contention that administrative remedies are futile does not persuade the Court to waive the exhaustion requirement herein.

Respondent argues that Petitioner's allegations of futility are conclusory and otherwise without merit. (Ans. at 8.) In particular, Respondent has submitted two BOP policy statements relevant to the BOP's consideration of inmates for CCC placement. Both statements were issued in response to implementation of the Second Chance Act of 2007. The first statement, issued on April 14, 2008, concerns the consideration of inmates for pre-release CCC placement during their last twelve months of incarceration and explains that individualized placement decisions are required:

> The Act requires that pre-release [CCC] placement decisions be made on an individual basis in every inmate's case, according to new criteria in the Act, as well as the criteria in 18 U.S.C. § 3621(b). See 18 U.S.C. § 3624(c)(6)(amended). As a result, the Bureau's categorical timeframe limitations on pre-release community confinement, found at 28 C.F.R. §§ 570.20 and 570.21, are no longer applicable, and must no longer be followed.

(Id.)

Similarly, the second statement, issued on November 14, 2008, concerns the consideration of inmates for pre-release CCC placement when more than twelve months remain from their projected release date. The statement explains that individualized consideration must be given to each inmate's request for CCC placement:

> Inmates are legally eligible to be placed in an [CCC] at any time during their prison sentence. Federal Courts have made clear that [CCCs] are penal or correctional facilities within the meaning of the applicable statutes. Staff cannot, therefore, automatically deny an inmate's request for transfer to a[n] [CCC]. Rather, inmate requests for [CCC] placement must receive individualized consideration. In other words, staff cannot say that an inmate, whatever the circumstances, is automatically ineligible for transfer to a[n] [CCC]. Rather, staff must first review the inmate's request on its individual merits, in accordance with policy, and as explained in this guidance.

(Id.)

These BOP statements suggest that if Petitioner believed that her CCC request would be categorically denied, the applicable BOP regulations governing administrative appeals allow Petitioner to (a) file an administrative appeal directly with the warden, who oversees prison staff, 28 C.F.R. § 542.13(b), or (b) to bypass the warden and request initial review of the appeal by the Regional Director, 28 C.F.R. § 542.14(d).  Petitioner argues that because Deputy Regional Director Audrey Gill is Respondent Copenhaver's spouse, her administrative appeals will not be reviewed objectively.  (Pet. at 3.)  However, Petitioner allegations of bias are speculative and are devoid of evidentiary support.  Moreover, the above mentioned regulations allow an inmate who is not satisfied with the Regional Director's response to submit an appeal to the General Counsel of the BOP.  Petitioner has offered no reason as to why the General Counsel of the BOP would not review her appeal objectively.  Finally, Respondent correctly notes that although Petitioner alleges that she is in the process of exhausting her administrative remedies, she has not filed any formal requests for administrative relief in this matter.  (Ans. at 8.)

In sum, the Court is unpersuaded by Petitioner's contention that pursuing administrative remedies would be futile.  Based on the above, the Court finds Petitioner is not entitled to waiver of the exhaustion requirement in this case.  Accordingly, the petition for a writ of habeas corpus will be DENIED for failure to exhaust administrative remedies.

### III. CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability ("COA").  See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits.  See Slack v. McDaniel, 529 U.S. 473, 483 (2000).

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding."  Id. at 484-85.  "When the district court denies a habeas petition on procedural grounds without reaching the

1 | prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at
2 | least, that jurists of reason would find it debatable whether the petition states a valid claim
3 | of the denial of a constitutional right and that jurists of reason would find it debatable
4 | whether the district court was correct in its procedural ruling." Id. at 484.

Here, jurists of reason would not find it debatable whether the Court was correct in its procedural ruling. Accordingly, a COA will not issue. Petitioner may seek a COA from the Court of Appeals.

### IV.    CONCLUSION

For the foregoing reasons, the Court DENIES the petition for a writ of habeas corpus without prejudice to Petitioner filing a new petition after exhausting the BOP's administrative appeals process. The Clerk shall close the file.

IT IS SO ORDERED.

Dated: September 28, 2012

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CHRISTINE C VIERRA,

       Plaintiff,

v.

PAUL COPENHAVER et al,

       Defendant.
_____/

Case Number: CV09-04280 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 12, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Christine C. Vierra 93454-022
Satellite Prison Camp
5675 8th Street
Camp Parks
Dublin, CA 94568

Dated: October 12, 2012

                                  Richard W. Wieking, Clerk

                                       By: Lisa Clark, Deputy Clerk